UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bolus A. D., | Case No. 18-cv-1557 (WMW/KMM) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |
| Secretary of Homeland Security; William Barr,[1] Attorney General; Scott Baniecke, ICE Field Office Director; and Kurt Freitag, Freeborn County Sheriff, | |
| Respondents. | |

This matter is before the Court on the February 11, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez. (Dkt. 33.) The R&R recommends granting in part the petition for a writ of habeas corpus of Petitioner Bolus A. D. (B.D.). (Dkt. 1.) Respondents filed timely objections to the R&R, and B.D. responded to those objections. For the reasons addressed below, this Court adopts as modified the R&R and grants in part B.D.'s petition for a writ of habeas corpus.

## BACKGROUND

Having been convicted of motor-vehicle theft in January 2016 and second-degree assault with a dangerous weapon in December 2017, B.D., a native and citizen of Sudan, was taken into custody by United States Immigration and Customs Enforcement (ICE) on

---

[1] Because a "[public] officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name," Fed. R. Civ. P. 25(d), Attorney General William Barr is substituted for former Attorney General Jefferson Sessions.

December 22, 2017.  *See* 8 U.S.C. § 1226(c) (providing that the United States Attorney General "shall take into custody any alien who . . . is deportable by reason of having committed" crimes of moral turpitude, aggravated felonies, controlled substance-crimes, and certain firearm offenses).  On June 18, 2018, an immigration judge ordered B.D. removed from the United States and deported either to Sudan or to South Sudan because of B.D.'s motor-vehicle theft conviction.

B.D. subsequently filed this habeas petition, and he appealed the immigration judge's order to the Board of Immigration Appeals (BIA).  Concluding that B.D.'s conviction of motor-vehicle theft is not an aggravated felony conviction as defined by the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(G), the BIA sustained B.D.'s appeal and remanded the case to the immigration judge.  Shortly thereafter, ICE initiated removal proceedings based on B.D.'s December 2017 conviction of second-degree assault with a dangerous weapon.  An immigration judge subsequently ordered B.D. removed, and B.D. appealed.  While his appeal of the removal decision is pending, B.D. also has petitioned the Olmsted County District Court for post-conviction relief arising from B.D.'s December 2017 second-degree assault conviction.  B.D. remains in ICE custody.

## ANALYSIS

Respondents object to two conclusions of the R&R supporting the recommendation to grant B.D.'s petition for habeas relief:  (1) that B.D.'s continued detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution, and (2) at any bond hearing ordered, it is the government's burden to prove by clear and convincing evidence that continued detention of B.D. is

warranted because he presents a risk of flight or danger to the community. A district court reviews de novo those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). In doing so, the district court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

The Fifth Amendment to the United States Constitution "entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (internal quotation marks omitted). Mandatory detention pursuant to 8 U.S.C. § 1226(c) does not violate a detainee's Fifth Amendment due process rights during the "brief period necessary" for removal proceedings. *Id.* at 513. But a detainee's due process rights are implicated when the period of detention under Section 1226(c) is no longer "brief." *See id.*; *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).

The parties do not dispute that B.D. is subject to detention under Section 1226(c), nor do they dispute that the right to due process imposes limits on the permissible length of detention under Section 1226(c). But the government maintains that habeas relief in the form of a bond hearing for an alien detained pursuant to 8 U.S.C. § 1226(c) should be granted only in "extraordinary cases." Applying this reasoning, the government contends that the R&R erroneously concluded that this is one such extraordinary case. The Court is not persuaded. Rather, this Court joins those that have relied on *Demore*'s "repeated references to the brevity of detention under § 1226(c)" to conclude that prolonged detention without an individualized bond hearing may violate a detainee's right to due process. *See Muse v. Sessions*, No. 18-cv-0054, 2018 WL 4466052, at *3 (D. Minn. Sep. 18, 2018); *see*

3

*also, e.g.*, *Liban M. J. v. Sec'y of Dep't of Homeland Sec.*, __ F. Supp. 3d __, 2019 WL 1238834, at *2 (D. Minn. Mar. 18, 2019); *Abdulkadir A. v. Sessions*, No. 18-cv-2353, 2018 WL 7048363, at *10-11 (D. Minn. Nov. 13, 2018), *report and recommendation adopted*, 2019 WL 201761 (D. Minn. Jan. 15, 2019); *Mohamed v. Sec'y, Dep't of Homeland Sec.*, No. 17-cv-5055, 2018 WL 2392205 (D. Minn. March 23, 2018), *report and recommendation adopted*, __ F. Supp. 3d __, 2018 WL 2390132 (D. Minn. May 25, 2018).

To determine whether B.D.'s due process rights have been violated by prolonged detention without a bond hearing, this Court performs a fact-intensive inquiry to evaluate the reasonableness of continued detention in this particular case. *See Muse*, 2018 WL 4466052, at *3. At least six factors guide this inquiry: (1) the total length of detention to date, (2) the likely duration of future detention, (3) the conditions of detention, (4) any delay of the removal proceedings caused by the detainee, (5) any delay of the removal proceedings caused by the government, and (6) the likelihood that the removal proceedings will result in a final order of removal. *See Reid v. Donelan*, 819 F.3d 486, 500 (1st Cir. 2016).[2]

As to the first factor, the longer detention persists, the more difficult it is for the government to justify continued detention. *Davies v. Tritten*, No. 17-cv-03710, 2017 WL

---

[2] Shortly after the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), the United States Court of Appeals for the First Circuit withdrew its decision in *Reid*. *See Reid v. Donelan*, Nos. 14-1270, 14-1803, 14-1823, 2018 WL 4000993 (1st Cir. May 11, 2018.) But this Court joins those courts that continue to apply the *Reid* factors because these factors "represent a reasonable framework for balancing the due process interests at stake even though they were originally adopted in the context of reading an implicit reasonableness limitation into § 1226(c)." *Muse*, 2018 WL 4466052, at *3 n.3 (internal quotation marks omitted).

4277145, at *4 (D. Minn. Sept. 25, 2017) (citing *Zadvydas*, 533 U.S. at 701); *see also Muse*, 2018 WL 4466052, at *4 (collecting cases from other jurisdictions). Because B.D. has been detained for more than 16 months, well beyond the "brief" period of detention contemplated in *Demore*, the first factor weighs heavily in B.D.'s favor. *See* 538 U.S. at 529-32; *see also, e.g.*, *Liban*, 2019 WL 1238834, at *3 (concluding that 12-month detention was not "brief"); *Abdulkadir*, 2018 WL 7048363, at *12 (concluding that 9-month detention was not "brief"); *Muse*, 2018 WL 4466052, at *4 (concluding that 14-month detention was not "brief").

When evaluating the second factor, the likely length of continued detention in the absence of judicial relief, courts consider the anticipated duration of the entire judicial and administrative process. *Muse*, 2018 WL 4466052, at *5 (citing *Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003)). Although this Court declines to predict the BIA's ruling on B.D.'s current appeal or when it will issue, an appeal of the BIA's decision to the United States Court of Appeals for the Eighth Circuit is more than plausible and perhaps is likely. As such, B.D. may be detained for several more months as his case continues to proceed through both the administrative and judicial process. *See Muse*, 2018 WL 4466052, at *5 (estimating that a detainee who had "just appealed" a removal order to the BIA and would likely appeal any adverse decision to the Eighth Circuit "could easily be detained another 18 months or more"). This factor also weighs in B.D.'s favor.

The third factor considers the conditions of confinement. B.D. is subject to civil detention, not criminal incarceration. But there is a direct correlation between the strength of B.D.'s argument that he is entitled to a bond hearing and the degree to which the

5

conditions of B.D.'s confinement resemble penal confinement. *Muse*, 2018 WL 4466052, at *5 (citing *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)). And the weight of this factor increases with the length of detention. *Id.* B.D. is confined in a corrections facility with inmates who are either serving criminal sentences or awaiting criminal trials. As his conditions of confinement are indistinguishable from criminal incarceration, this factor also weighs strongly in B.D.'s favor.

As the fourth and fifth factors, the Court also considers the nature and extent of any delays caused by the detainee and the government respectively. Here, neither party has engaged in dilatory tactics. And each party has advanced substantive arguments addressing the positions taken throughout this administrative and judicial process. As such, these factors weigh equally as to each party.

The final factor contemplates the likelihood that the proceedings will culminate in a final removal order. But, as this Court is not in a position to weigh the merits of either the government's grounds for removal or B.D.'s appeal, this factor is neutral.

In sum, the factors addressed here weigh in favor of granting B.D. habeas relief in the form of an individualized bond hearing. In particular, the length and conditions of B.D.'s detention weigh heavily in B.D.'s favor, and the government has not established a similarly weighty justification for continuing to hold B.D. without an individualized determination that he presents either a flight risk, a danger to the community, or both. For these reasons, the Court adopts the R&R's recommendation to order an immigration judge to conduct a bond hearing within 30 days. At the bond hearing, the parties shall have the

opportunity to present evidence and arguments addressing whether B.D., if released, presents a risk of flight or a danger to the community.

The R&R also recommends concluding that it is the government's burden to prove by clear and convincing evidence that B.D. presents a flight risk or a danger to the community. The government objects to this recommendation. The R&R observes that Section 1226(c) is silent on this issue; and neither the Supreme Court of the United States nor the Eighth Circuit has addressed either which party bears the burden of proof at a bond hearing on continued detention under Section 1226(c) or the quantum of proof that is required.

The Court is not persuaded that due process requires this Court prospectively to order an immigration judge to adhere to a specific standard of proof at a bond hearing. As no court in this district or in the Eighth Circuit has reached that conclusion, and as no injury has occurred that is attributable to an incorrectly assigned burden and standard of proof, this Court declines to render an advisory opinion. Because the burden of proof and the quantum of proof at the bond hearing are decisions for the immigration judge in the first instance, the Court declines to adopt the R&R's recommendation as to either. *See Muse*, 2018 WL 4466052, at *6. (concluding that the immigration judge "should have the first opportunity to address" the issue of the burden of proof).

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.	The February 11, 2019 R&R of United States Magistrate Judge Katherine M. Menendez, (Dkt. 33), is **ADOPTED AS MODIFIED**.

2.	Petitioner Bolus A. D.'s petition for a writ of habeas corpus, (Dkt. 1), is **GRANTED IN PART** as addressed herein.

3.	Within 30 days of this Order, an immigration judge shall hold a bond hearing at which the immigration judge shall make an individualized determination as to whether detention is necessary because Petitioner Bolus A. D. presents a risk of flight, a danger to the community, or both.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: April 29, 2019                              s/Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge